✎ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

__WESTERN__ District of __NORTH CAROLINA__

UNITED STATES OF AMERICA
V.
__RICKY LEE WOOD__
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**
Case    1:09 cr 26-12

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I—Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

X (1) There is probable cause to believe that the defendant has committed an offense
  X for which a maximum term of imprisonment of ten years or more is prescribed in __21 U.S.C. § 841(a)(1)__.
  ☐ under 18 U.S.C. § 924(c).
X (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

X (1) There is a serious risk that the defendant will not appear.
X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

**Part II—Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by   X clear and convincing evidence   X a preponderance of the evidence  that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

**Part III—Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____
*Date*

_____
*Signature of Judge*
Dennis L. Howell, United States Magistrate Judge
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:09 cr 26-12**

**UNITED STATES OF AMERICA,**

Vs.  **ADDENDUM TO DETENTION ORDER**

**RICKY LEE WOOD.**

---

**I.  FACTORS CONSIDERED**

**18 U.S.C. § 3142:**

**(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

(1)  The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3)  the history and characteristics of the person, including--

   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## II. FINDINGS

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve a controlled substance, that being cocaine base, more commonly known as crack cocaine.

**(g)(2):** The weight of the evidence against the person appears to be at the level of probable cause. The only evidence presented as to this factor was the bill of indictment showing that probable cause had been found by the grand jury.

**(g)(3):** The history and characteristics of the person

(A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant has family ties, he has employment through his aunt working on her farm. The defendant has had a length of residence in Macon county but also has resided in the state of Colorado, Haywood county, Caldwell county, the state of Georgia, Transylvania county and Buncombe county. The defendant's history relating to drug or alcohol abuse shows that the defendant has used marijuana off and on for approximately 10 years and has used crack cocaine daily from 2000 to 2008. The defendant has not had any substance abuse treatment.

The defendant has the following criminal convictions:

| Offense | Conviction Date |
|---|---|
| Reckless driving | 01/26/77 |
| Driving while impaired | 03/01/78 |
| Assault on a female | 02/03/87 |
| Driving while license revoked | 12/08/06 |
| Driving while impaired | 01/21/87 |
| No operators license | 07/11/88 |
| Driving while license revoked | 01/14/92 |
| Intoxicated and disruptive | 11/27/91 |
| Driving while license revoked | 10/20/92 |
| Misdemeanor possession of stolen property | 08/03/94 |
| Misdemeanor intoxicated and disruptive | 04/12/95 |
| Misdemeanor possession of stolen property | 02/17/99 |
| Misdemeanor possession of stolen property | 09/17/98 |
| Misdemeanor possession of greater than ½ oz marijuana and misdemeanor possession of drug paraphernalia | 02/18/99 |
| No operators license | 02/18/99 |
| Misdemeanor larceny | 08/05/03 |

| Felony possession of a schedule II controlled substance | 03/18/04 |
| Misdemeanor larceny | 01/13/05 |
| Misdemeanor possession of drug paraphernalia | 07/07/04 |
| Purchasing or possessing controlled drugs, willful obstruction of law enforcement officer, GA | 12/15/04 |
| Felony possession with intent to manufacture, sell and deliver a schedule II controlled substance | 04/04/06 |
| Misdemeanor possession of drug paraphernalia | 03/24/08 |
| Misdemeanor possession of drug paraphernalia | 03/24/08 |
| Misdemeanor possession of drug paraphernalia | 02/06/08 |

The defendant's record concerning appearance at court appearances shows that the defendant has failed to appear at least eight times on charges much less serious than those which are now pending against the defendant.

(B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. It appears that this factor does exist. During the period of time alleged in the bill of indictment the defendant was placed on probation on several occasions and his probation was revoked. Additionally, the defendant was charged on August 16, 2008 in Jackson County, NC with felony extortion. The defendant was released on bond. On December 23, 2008 the defendant was charged with felony obtaining property by false pretense, felony forgery of an instrument and felony uttering a forged instrument. The defendant was again released on bond. On December 30, 2008 the defendant was charged in Macon County, NC of misdemeanor communicating threats and was again released on bond. On January 29, 2009 the defendant was charged in Macon County, NC with two counts of driving while license revoked and was again released on bond.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate by clear and convincing evidence that the release of the defendant would create a risk of harm or danger to any other person or the community. The charges against the defendant create a presumption that the release of the defendant would create a risk of harm or danger to any other person or the community. The presumption has not been rebutted by the defendant. The undersigned finds from the defendant's criminal record there is clear and convincing evidence that the release of the defendant would create a risk of harm or danger to any other person or the community through the use and sale of crack cocaine

The undersigned does find by a preponderance of the evidence that the release of the defendant would create a risk of flight on his part. The undersigned finds that this presumption has not been rebutted. The defendant has failed to appear on eight separate occasions. On other occasions, the defendant has appealed charges that were pending against him in which he has been found guilty in State District Court. The defendant has then failed to appear in Superior Court and those charges have been dismissed. There appears without a doubt that the release of the defendant would create a risk of flight on his part. As a result of the foregoing, the undersigned has determined to enter an order detaining the defendant pending further proceedings in this matter.

**WHEREFORE**, it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

Signed: May 20, 2009

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge