# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION

## CRIMINAL NO. 1:09CR26

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | |
| **VS.** ) | **MEMORANDUM AND** |
| ) | **O R D E R** |
| ) | |
| **RICKY LEE WOOD** ) | |
| ———————————————— ) | |

     **THIS MATTER** is before the Court on Defendant's notice of appeal from the Magistrate Judge's Order of Detention. **Appeal of Order of Detention Pending Trial from Magistrate Judge ("Notice of Appeal"), filed May 26, 2009;** *see also***, Order of Detention Pending Trial, filed May 20, 2009.**

     On April 7, 2009, Defendant and 13 others were charged in two counts of a three-count indictment with conspiracy to possess with intent to distribute 50 or more grams of crack cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and using a communication facility in furtherance of that conspiracy in violation of 21 U.S.C. § 843(b). **See Bill of Indictment, filed April 7, 2009, at 1-2.** Defendant appeared with counsel for a detention

hearing before the Magistrate Judge on May 18, 2009. The Government moved for detention and offered a copy of the bill of indictment and a pretrial services report into evidence; the same was admitted without objection. Defendant presented testimony from his sister, Linda Williams, and letters from friends and family in support of pretrial release. After considering the evidence presented and the arguments of counsel, the Magistrate Judge ordered Defendant detained pending trial. This appeal follows.

Title 18, U.S.C. § 3145(b), which governs review and appeal of detention orders, provides that "[i]f a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." In acting on such a motion, the Court reviews the Magistrate Judge's order *de novo*. ***United States v. Stewart*, 19 F. App'x 46, 47 (4th Cir. 2001).** Thus, this Court makes "an independent determination of the proper pretrial detention or conditions of release." ***Id.***

Title 18 U.S.C. § 3142 provides that if, after holding a hearing, the Court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any

other person and the community," the Court shall order the detention of the person pending trial. **18 U.S.C. § 3142(e).** Below are the statutory factors set forth for consideration:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including –
>
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> > (4) the nature and seriousness of the danger to any
> person or the community that would be posed by the person's release.

**18 U.S.C. § 3142(g)**.

During the detention hearing, Defendant presented testimony from Linda Williams tending to show that Defendant would have constructive employment on his aunt's farm, and would share responsibility for caring for his ailing mother. However, Defendant does not offer substantive

objections to any of the Magistrate Judge's detailed findings regarding Defendant's extensive criminal record; his multiple failures to appear for court proceedings; and the finding that Defendant was on probation at the time of the offenses charged in the indictment were alleged to have been committed. Defendant has failed to offer sufficient evidence to rebut the presumption that his release would pose a risk of harm or danger to the community, and the Court finds by a preponderance of the evidence that Defendant's release poses a significant risk of flight.

The undersigned has conducted a *de novo* review of the Order of Detention pending trial, the FTR recording of the detention hearing conducted by the Magistrate Judge, the pretrial services report, along with the remaining record in this matter, and concludes that such findings of fact and conclusions of law contained in the Magistrate Judge's Oorder of Detention are supported by the evidence and are correct under the applicable law. Accordingly the Court affirms Defendant's detention pending trial.

**IT IS, THEREFORE, ORDERED** that the Magistrate Judge's Order of Detention is **AFFIRMED**, and Defendant's appeal of the Order of Detention is **DISMISSED**.

5

Signed: June 12, 2009

_____

Lacy H. Thornburg
United States District Judge